yes may it please the court this is a social security case in which the ALJ made step five findings unsupported by substantial evidence specifically appellant submitted vocational expert rebuttal evidence and requested a supplemental hearing the ALJ requested or the ALJ rejected that request for a supplemental hearing and stated he found contradictory evidence from the bureau of labor statistics but failed to proffer that evidence or offer a valid website to visit or find that information now there are several parts of this issue first did the evidence reach the level necessary to allow for rejection of appellant's rebuttal evidence second did the ALJ and error and not proffering that evidence and third what options did the ALJ have available to him instead that he could have chosen from now while there are circumstances that do allow for an ALJ to make a vocational determination without the help of be necessary to get that testimony and to see if work existed in significant numbers in the national economy that appellant would be capable of performing after receiving this testimony from the vocational expert appellant's representative questioned the source of the numbers offered by the vocational expert after the hearing appellant's representative submitted additional rebuttal evidence from one of vocational expert sources which contradicted the numbers offered by the sufficient to rebut that determination raised by the vocational expert as such the ALJ did go seeking additional evidence that would resolve the conflict raised by appellant's rebuttal the ALJ did recognize that the burden had shifted back to him now regarding the first part the evidence offered by the appellant was both significant and probative specifically the evidence itself directly contradicted the findings of the vocational expert and cast serious doubt as the validity of the job numbers offered at the hearing as such at a minimum the ALJ must explain his reasoning as to why that evidence was rejected it must make particularized findings to support those judgments and allow for meaningful review instead the ALJ immediately concluded that he found evidence that does not contradict the testimony of the vocational expert and thus the testimony was persuasive to support this opinion rather than citing to a specific website or exhibiting the report the ALJ nearly footnoted the home page of the bureau of labor statistics database in essence while appellant offered what would be tantamount to a specific page in the encyclopedia the ALJ more or less said i found something that contradicted that finding just check the encyclopedia as a whole for this evidence this in no way allows for meaningful review and failed entirely to support the explanation by the ALJ this is not an alternative yeah mr warren it's judge watford let me ask a question if i could the the webs no yeah are you able to hear me yeah yeah okay i'm getting the same message i got yesterday that says my internet connection is unstable but hopefully i won't cut out um the the bls website um i agree with you that we tried to find whatever the ALJ was looking at in search and that's what i want to ask your opponent here but i thought the ALJ just simply um said that whatever he had found on that website corresponded with the evidence that was it you who represented the claimant below or was it someone else uh no we did represent the claimant below yeah so you you had presented uh evidence i think that showed that there were 25 000 jobs for whatever that tree was and your complaint was insert a position had to be just a sub a small sub part of that right correct basically the uh position itself of i believe it's lens inserter is uh one job out of i believe it's something along the lines of well it's a not insignificant number of uh occupations that fall within that industry now the numbers that we submitted showed that that 11,199 uh positions total while the vocational expert testimony showed 25,000 jobs in that one single occupation of lens inserter so right right the ALJ's reliance on the bls statistics was just to confirm that the 25,000 number corresponded to that larger industry and not the lens inserter position right correct i believe that is uh what that evidence said now the judge then said that that means that there could be 25,000 lens inserters therefore that is sufficient and he agreed with the vocational experts testimony act at that point right but that that's my point isn't the real dispute here between you and the ALJ it wasn't over the number the numbers were the margin of error that the the real dispute was how do we know whether that number corresponds to lens inserters specifically or whether it's just a small subset of a much larger industry correct okay and how how were we how was the ALJ supposed to resolve that dispute in your view in that in my view that would be where we would get into uh the options that the ALJ did have which were uh numerous we have in the first place we did request a supplemental hearing so we could actually get vocational expert testimony to resolve that conflict another option would have been to send interrogatories to the vocational expert to see if she could resolve that conflict herself um further had the ALJ at least even submitted the report itself we could have seen what that information did entail and we could have made that determination ourselves or the ALJ could have from what we could actually see in that report so there were additional options that could have been done did you want to save some time for rebuttal uh yes i will save uh three minutes for about yes i have one question uh uh mr warren uh yeah so at at this stage is it your position that we just don't know how many lens inserter jobs there are in the national economy that i noticed that there was some calculation done but from the record i'm not sure anyone knows the answer to that question is that an accurate statement it is that is one of the issues that uh was raised was that between the direct contradictory evidence that we put in along with the judges rebuttal there is no way to know what that actual number is without additional vocational expert testimony um okay the next issue that we did have is the ALJ did uh go do his own research but he failed to the rate social security regulations themselves require that all evidence relied upon by the ALJ which is received after the hearing from a source other than the claimant or appointed representative must be proffered and the ALJ did not do that in this case while there are regular while the regulations do allow for appropriate reference to the evidence as mentioned previously the ALJ failed to include either a copy of that report or reasonable means of reproducing the report that he relied on and while it is true that the bureau of labor statistics is uh a source social security has taken administrative notice of so it's the bureau of the census where appellant uh information came from as well and we hear from the government you can save the remainder of your time for rebuttal thank you okay morning your honors um i am thomas osprey for the commissioner of social security um good morning counsel so this case as uh council has said is about whether substantial evidence supports the ALJ step by finding specifically the reliance on the vocational expert testimony and the case law is clear and the act is clear that the ALJ need only rely on the vocational expert testimony in and of itself is um is the foundation for their expertise and the ALJ um is entitled to rely on that there are several issues that that um council has raised that i believe just are not on point for the issue before that for this panel um the ALJ accepted the new evidence or the rebuttal evidence discussed it as is his responsibility compared it to the vocational expert testimony found the vocational expert testimony more persuasive and in part because the the vocational expert relied on at least three different sources for their their opinion now council says that the um their stuff their their rebuttal evidence directly contradicted one source but i would actually challenge that um the source is listed by that were presented the first two pages address the lens inserter but there's no basis no understanding of how that material came about the site to it at the bottom of the page refers to a bookmark presumably on someone's computer um representing uh the claimant that is not accessible either and as the uh i believe it was in pardon me in b-state the court held um you you cannot rely on just the documentation from these websites because they do not contain um all the material uh oh i'm sorry um mr ellsbury can i just ask you to focus on a different point what you're talking about really doesn't matter to me what what matters to me is the 25 000 figure the the the claimant put in evidence um that testimony because the vocational expert as i understand it said there were 25 000 lens inserter jobs and and i i'm guessing that you are going to concede that lens inserters are a subset of the what's the name of that industry the ophthalmic goods manufacturing industry so he isn't the claimant correct that the lens insert position is just one of many positions within that overall industry perhaps it's not clear and it's not established by that evidence as i said the the the basis for those numbers are not presented in the document that um council erickson has presented well then the the alj it seems to me needs to explain to us explain on the record in a way that we can meaningfully review as to why the reliance on the 25 000 figure for the overall industry is somehow irrelevant to the credibility of the vocational experts testimony and we didn't get that what we got from the alj was merely to repeat the fact that yes i looked at these bls reports and they show that 25 000 jobs nationally are available in this whole industry go see this website that's complete you know of no use because you it's very hard to search that bls.gov website for anything maybe you can help us out and tell us where that actual report is but i couldn't find it so it seems to me that alj needed to give us more than what we have in order to uphold this decision and and with all due respect your honor i think there is a false premise underlying this situation and that is is the vocational experts testimony of 25 000 lens inserters the issue of whether that's part of the and it's a hard word to say ophthalmologic industry or just lens inserters is an issue of of evidence resolved by the alj and the alj and and it's noted it's in shiby notes that and i'll quote using the top job distribution information in the bls the bureau of laboring statistics or the census bureau which is what erickson primarily relies on not the bls requires information and inferences not contained in the documents themselves and that in itself shows the weakness to the evidence that was presented there there was no direct contradictory evidence one because the evidence relies on the census bureau not the bls nine of the 13 pages submitted referred to regional or state numbers and the issue here is national numbers the alj did reference the bls as council represented in a generic manner but he needed to know more again consistent with shiby it's only the dot that requires the dictionary of occupational titles that requires the alj to specify more specifics that's not required here because unlike the dot it's the the the bls and the so it doesn't provide a foundation for contradicting the vocational expert the statute and the case law is also quite clear that nothing more is needed from for the alj other than vocational export testimony that is based on substantial evidence and the vocational experts testimony is that substantial evidence and their expertise is the foundation for that that is sufficient to constitute substantial evidence supporting the decision okay can can i just jump in because i'm just i'm missing i think the point you're trying to drive judge watson we just lost you if i may go ahead and tell he returns or well let's wait for judge watson because he's there we go am i back okay you're back but you look you'll need to back up to the question the last question oh we just lost you again okay let me let me stop and i'll just let you finish that council okay i believe where i thought you were heading was my point was getting it wasn't getting across to you and in essence the the sole issue here is whether the alj's decision is supported by substantial evidence and it is erickson has argued his evidence is directly contradictory it is not because as noted in chivy that information alone in a hard copy document is not sufficient to undermine the evidence that the vocational expert testimony in addition as i had noted the evidence doesn't relate to the issue being disputed they're arguing that there aren't 25 000 jobs but they've not presented any evidence that there's less or more or that the the vocational experts decision is undermined she not only said that she relied on the bls but also market studies and her own surveys regarding this field and those are not challenged whatsoever those are and those two the latter two alone are substantial or um sufficient basis to support the vocational experts testimony well look can i just ask you one question there so there is evidence in the record that lens inserter is subset as judge watford had pointed out earlier i would say what do we do with that i don't believe we need to do anything with that for and i guess i i'll try to so what you're saying then is although it's a subset there's at least 25 000 lens inserter jobs in the national economy that would be pardon me that is that the the bottom line based on the the acceptable vocational and supported vocational expert testimony the evidence to counter it doesn't establish where those numbers came from there's no foundation for the 19 what do you do with the fact that there are other job classifications within the broader the the alj could have cleared all this up with a bit more specificity agreed he could have articulated perhaps a bit more clearly but i believe the reference to the bureau of labor and statistics as as counsel noted uh a document or a site that we've taken administrative notice of the alj was responding to the additional evidence submitted the rebuttal evidence submitted by claimant reviewed this evidence of which we've taken administrative notice so there was no proffer requirement and determined that it was his review of that evidence is that it was it was similar to the vocational expert testimony he did not certainly didn't undermine it and that therefore he didn't find the the new evidence which lacks citation and and this is very true because the citation it lacks citation he couldn't really go review that specific evidence and uh the evidence that he did see conformed with or supported the vocational expert and then he noted the other bases for the vocational experts testimony and again that has not been that has not been rebutted so we can take the tables out that i believe is a um raw man if you will that is not the issue it's only it's a challenge to the decision the alj i'm sorry that this court has a limited um scope of review the alj's decision according to shy to be and to be stag this court is to if the alj's decision is supported by substantial evidence in a reasonable determination it's that decision that must be deferred to and the alj has discretion to um make that determination and he did and while he could have articulated clearly he did say i'm i'm finding the ve evidence more persuasive based on these three factors as opposed to the evidence that didn't seem to contradict it at all one quick question here just to clarify um so the is it true that the alj didn't credit erickson's numbers or is it your argument that he did look into them and made a determination that they were wrong compared to the vocational experts evidence i would say more precisely the alj looked into it and found it to be consistent with the ve testimony well if you do some of the percentages if you're looking in more depth in the in the bureau of labor statistics numbers the percentages suggest that there's probably no more than 5 000 there were no more than 5 000 lens inserter jobs in 2017 rather than the 25 000 because of all those other categories that are in the larger code group and so i'm not sure how that how we can reconcile that with what the uh the vocational expert testified to my response to that would be this was resolved in chivy where as i mentioned before the court said there's just too much information and inferences in those documents for us to be able to rely on that so while it is indicative or suggestive i would say there is no foundation for that evidence there it's you can make an assertion but if you don't support it and here it's unsupported if you don't support it um it's not there's no foundation and i guess that's what i'm i'm relying on primarily it is just not a document that we can reach these kind of conclusions and the alj did consider per his responsibility the evidence supports his in his uh consideration of that evidence and therefore um he should be his discretion should be given deference by this court okay okay thank you well thank you very much we'll hear from mr warren on his rebuttal time yes so the first point that i do want to make is that the alj did reach a conclusion obviously had he felt the same way as opposing counsel he would not have gone digging for his side he saw what we what was uh submitted he determined that that probably would be sufficient to uh rebut the burden and or rebut uh the vocational testimony and therefore he decided to look that is the judge made the determination on that foundation himself and then after that he decided to rely upon evidence that there is no way to verify where well it might be the case that we do not have the citation itself we submitted the actual paperwork the report itself and the judge did not now the and um basically it came down to the alj did make the determination himself that the uh evidence was sufficient as such he uh attempted to rely upon evidence outside of the record to resolve that conflict himself and that is where the error lies anything else mr warren um no okay thank you very much we appreciate your arguments this morning and the matter submitted at this time
judges: Paez, Watford, Tunheim